IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESTER LEFKOWITZ, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 13-1662 |
| | : | |
| JOHN WILEY & SONS, INC., | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM & ORDER RE: DEFENDANT'S MOTION TO DISMISS OR TRANSFER

And NOW, this 13th day of August, 2013, for the reasons set forth below, it is ORDERED that Defendant's Motion to Transfer to the Southern District of New York (ECF No. 5) is GRANTED.

Plaintiff, Lester Lefkowitz, is an independent professional photographer based in New York who entered into a contractual agreement with The Stock Market ("TSM") to issue limited licenses of his photographs. This agreement was later assigned to the Corbis Corporation ("Corbis"). Both TSM and Corbis issued limited licenses of Plaintiff's photographs to the Defendant John Wiley & Sons, Inc. Plaintiff claims that Defendant exceeded the terms of these licenses and seeks relief for copyright infringement, contributory copyright infringement, and breach of contract.

Presently before the Court is Defendant's Motion to Dismiss, or, in the Alternative, Transfer. (ECF No. 5). Defendant bases its motion on the fact that the End User License Agreements ("EULAs") that TSM and Corbis entered into with Defendant contained the following forum selection clause:

> Any dispute regarding this Agreement shall be governed by the laws of the State of New York, and by Titles 15, 17 and 35 of the U.S.C., as amended, and the parties agree to accept the exclusive

> jurisdiction of the state and federal courts located in New York, New York, regardless of conflict of laws.

Based on this clause, Defendant argues that this action be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  Plaintiff counters by arguing that the forum selection clause is inapplicable to this action because a "'dispute regarding this Agreement' does not include copyright infringement disputes."  Pl's Rep. Br. at 4.  Further, to the extent that the clause applies to Plaintiff's breach of contract claim, Plaintiff argues that the § 1404(a) factors do not support transferring the action because copyright claims represent the majority of the case.

Importantly, the facts and claims in this case are virtually identical to another case that Plaintiff recently filed in this District.  See Lefkowitz v. McGraw-Hill Companies, Inc., No. 13-1661, 2013 WL 3061549 (E.D. Pa. June 19, 2013) (Schiller, J.).  In that case, Judge Schiller granted the defendant's motion to transfer for reasons that apply with equal force to the instant facts.  Since the Court agrees with Judge Schiller's reasoning, the Court will adopt it in full to Plaintiff's action here.

The Court finds two facts to be worthy of particular emphasis, one which Judge Schiller discussed and one which he did not.  First, the forum selection clause specifically envisions that "any dispute regarding this Agreement" includes copyright infringement claims because the clause expressly states that disputes shall be governed by, inter alia, Title 17 of the United States Code (i.e., the title of the Code that governs copyright claims).  Second, even if the forum selection clause did not apply to copyright claims, the clause would still apply to this action because Plaintiff alleges a *breach of contract* claim in addition to his copyright claims.  As Judge Schiller noted, Plaintiff "cannot seek to enforce those contract terms beneficial to him while

glossing over those that impose requirements he would rather not follow." McGraw-Hill, 2013 WL 3061549, at *4.

Since the forum selection clause applies to this dispute, the Court does not owe deference to Plaintiff's choice of forum in this District. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995) ("[W]hile courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue."). Instead, Plaintiff bears the "burden of demonstrating why [he] should not be bound by [his] contractual choice of forum." Id. As described in Judge Schiller's analysis of the §1404(a) factors, Plaintiff has failed to meet this burden.

The Third Circuit has stated that "it makes better sense" to transfer than dismiss an action when "parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue." Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 299 (3d Cir. 2001). Accordingly, Defendant's motion to transfer is **GRANTED**.

The clerk shall mark this case **CLOSED.**

                 **BY THE COURT:**

                 **/s/ Michael M. Baylson**
                 _____
                 **Michael M. Baylson, U.S.D.J.**

O:\CIVIL 13\13-1662 lefkowitz v. wiley & sons\order_transfer.docx