UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

LESTER LEFKOWITZ,

                        Plaintiff,

               v.

JOHN WILEY & SONS, INC.,

                        Defendant.

------------------------------------------------------X

|  |
| --- |
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: ___ June 2, 2014 |

13 Civ. 6414 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

       Plaintiff Lester Lefkowitz claims copyright infringement, contributory copyright infringement, and breach of contract against Defendant John Wiley & Sons, Inc., based on Defendant's alleged use of Plaintiff's photographs beyond the scope of Defendant's licenses and without Plaintiff's authorization.[1] Defendant has moved, pursuant to Federal Rule of Civil Procedure 12(c), to dismiss all of Plaintiff's claims for failure to state a claim; to dismiss Plaintiff's infringement claims to the extent those claims are barred by the statute of limitations; and to dismiss Plaintiff's breach of contract claim for lack of standing.

---

[1]       Also pending before the Court is *Lefkowitz* v. *McGraw-Hill Global Education Holdings, LLC, et al.*, No. 13 Civ. 5023 (KPF), a related action commenced by Plaintiff against defendants McGraw-Hill Global Holdings, LLC and McGraw Hill School Education Holdings, LLC (the "McGraw Action"); there, Plaintiff asserts similar claims for copyright infringement and breach of contract, but not for contributory copyright infringement. The defendants in the McGraw Action have moved to dismiss Plaintiff's claims on the same bases as Defendant moves here. As would be expected, given the identity of issues (and of counsel), the parties have advanced nearly identical arguments. For this reason, the Court's Opinions in both cases, which are being issued on the same day, mirror one another in certain respects.

For the reasons set forth in the remainder of this Opinion, Defendant's motion is granted in part and denied in part.  Specifically, because there are insufficient facts before the Court to determine whether Plaintiff's infringement claims are barred by the statute of limitations, Defendant's motion in this regard is denied.  Defendant's motion to dismiss Plaintiff's copyright infringement claim is likewise denied because Plaintiff has sufficiently pleaded this cause of action.  Conversely, because Plaintiff has failed adequately to plead a claim for contributory copyright infringement, Defendant's motion to dismiss that claim is granted.  Finally, Plaintiff is estopped from asserting his breach of contract claim in the instant case because a United Stated District Court in the District of Massachusetts has already held that Plaintiff lacks standing to assert this claim.

## BACKGROUND[2]

### A.    Plaintiff's Photographs and Licensing Relationships

Plaintiff Lefkowitz is an independent professional photographer residing in New York.  (FAC ¶ 2).  Plaintiff is the owner of an exclusive right under the

---

[2]    The facts set forth herein are taken from Plaintiff's First Amended Complaint ("FAC"), including the exhibits attached thereto, and matters of public record of which the Court may properly take judicial notice under Federal Rule of Evidence 201.  *Kramer* v. *Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991) (holding that a court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201).  The facts drawn from Plaintiff's FAC are taken as true for purposes of this motion.  *See Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citation omitted)).

For convenience, Defendant's supporting memorandum is referred to as "Def. Br."; Plaintiff's opposition memorandum is referred to as "Pl. Opp."; and Defendant's reply memorandum is referred to as "Def. Reply."

copyright laws in the photographs displayed in Exhibit 1 to Plaintiff's FAC (the "Lefkowitz Images").  (*Id.* at ¶ 8, Ex. 1).  The Lefkowitz Images have been registered with the United States Copyright Office.  (*Id.* at ¶ 9).

On or about June 23, 1997, and July 27, 2000, Plaintiff entered into agreements (the "TSM Agreements") with The Stock Market ("TSM"), a stock-photograph licensing agency.  (FAC ¶ 10).  The TSM Agreements authorized TSM to issue limited licenses for use of the Lefkowitz Images by third parties, in exchange for "reasonable license fees."  (*Id.*).  The TSM Agreements also appointed TSM as Plaintiff's "exclusive agent … with respect to the licensing of [his] stock images[,]" and specified that TSM would not license any images "on a buy-out or exclusive basis" without prior consent.  (*Id.* at ¶ 11, Ex. 2 ¶ 1(d), Ex. 3 ¶ 1(d)).

On March 23, 2000, the TSM Agreements were assigned to Corbis Corporation ("Corbis"), another company that licenses the rights to photographs and other media.  (FAC ¶ 12, Ex. 4).  Plaintiff acceded to that assignment "with the understanding that all the terms and conditions of [his] current contract with [TSM would] remain in full force and effect."  (*Id.*).  Under the relevant agreements, both TSM and Corbis were required to pay to Plaintiff a portion of the fees that they received for licensing Plaintiff's images.  (*Id.* at ¶ 43).

Plaintiff also subsequently entered into a Photographer Representation Agreement with Corbis dated February 12, 2003 (the "Representation

3

Agreement"), pursuant to which Corbis was authorized to grant third parties limited-use licenses for Plaintiff's photographs.  (FAC ¶ 13, Ex. 5).  The Representation Agreement also provided:

> Corbis, in its sole discretion and without obligation to do so, shall have full and complete authority to make and settle claims or to institute proceedings in Corbis' or your name but at Corbis' expense to recover damages for Accepted Images lost or damaged by customers or other parties and for the unauthorized use of Accepted Images…. Any recovery, after payment of all costs and expenses including outside attorneys' fees, shall be treated as Revenue and you shall receive the appropriate royalty, or 100% in the case of lost/damages images.  Following your notification, if Corbis declines to bring such a claim within sixty (60) days, we shall notify you, and you may bring actions in your own name at your own expense and retain all recoveries.

(*Id.*, Ex. 5).

## B.   Defendant's Alleged Use of the Lefkowitz Images

Defendant John Wiley & Sons, Inc., is a global publisher of, among other things, educational materials, including textbooks for undergraduate and graduate students.  (FAC ¶ 6).  Many of Defendant's publications contain contributions from other sources, including photographs licensed to Defendant by third parties.  (*Id.* at ¶ 7).

Plaintiff alleges that between 1999 and 2011, TSM and Corbis sold Defendant limited licenses to use copies of the Lefkowitz Images in numerous educational publications.  (FAC ¶ 16).  Although Plaintiff alleges that these licenses were "expressly limited by number of copies, distribution area, image size, language, duration and/or media (print or electronic)" (*id.* at ¶ 17), neither party has provided the Court with the relevant licenses for the images at issue.

Instead, Plaintiff attaches to the FAC two standard Corbis license agreements — dated November 19, 2011, and June 2005 (the "Corbis Agreements") — that Plaintiff alleges were incorporated into the specific Corbis-Defendant licensing agreements, and thus govern the Corbis-Defendant licensing arrangement.  (FAC ¶ 45, Ex. 7).  Under the Corbis Agreements, among other things:

> Corbis in its sole discretion reserves the right to bill [the customer] (and [the customer] hereby agrees to pay) ten (10) times the normal license fee for any unauthorized use, in addition to any other fees, damages, or penalties Corbis may be entitled to under this agreement or applicable law.

(*Id.* at Ex. 7, Nov. 19, 2001 agreement (the "Ten Times Provision")).

### 1.    Defendant's Direct Copyright Infringement

As relevant here, Plaintiff identifies 66 instances of alleged infringement by Defendant in a chart included as Exhibit 1 to the FAC (the "Lefkowitz Chart").  (FAC, Ex. 1).[3]  The Lefkowitz Chart is a summary of information that Plaintiff derived from Plaintiff's royalty statements from TSM and Corbis.  (*Id.* at ¶ 16).  The summary includes a copy of the image, the author and description of the image, the image identification number, the copyright registration number and date, an invoice date, and the particular imprint of Defendant's that licensed Plaintiff's image.  (*Id.* at Ex. 1).

---

[3]    Because particular photographs can be the subject of multiple instances of infringement, the number of instances of alleged infringement does not correlate precisely with the number of images at issue.  When the Court refers to an instance of infringement, it is referring to a line of the Lefkowitz Chart.

Plaintiff alleges, upon information and belief, that Defendant exceeded the permitted uses under the terms of its licenses with TSM and Corbis for the Lefkowitz Images, in publications both of which Plaintiff is aware and others "yet to be discovered."  (FAC ¶ 19).  Specifically, Plaintiff contends that Defendant

> copied the [the Lefkowitz Images] in numbers exceeding the limited print quantities in the licenses, displayed [the Lefkowitz Images] online or in digital media without permission to do so, distributed the [the Lefkowitz Images] in geographic territories that were not authorized, and copied [the Lefkowitz Images] in custom, state-specific, language, or international editions without permission to do so.

(*Id.* at ¶ 34).

Plaintiff attests that the infringing conduct occurred after the invoice date for each instance on the Lefkowitz Chart.  (FAC ¶ 34).   As for the particular publications in which the alleged infringement occurred, Plaintiff identifies nine of Defendant's publications in which he alleges his photographs appear, although Plaintiff neither limits the instances of infringement to these publications, nor identifies which photographs in these publications were allegedly infringed.  (*Id.* at ¶ 28).  Plaintiff alleges that he does not have this specific information, inasmuch as the royalty statements did not specify the publication title in which his photographs would appear or the license limits for the image to which the invoice pertained.  (*Id.* at ¶ 32).  Instead, Plaintiff

6

maintains that Defendant has custody of this information because it is identified in Defendant's licenses with TSM and Corbis. (*Id.* at ¶ 33).[4]

### 2.   Defendant's Contributory Copyright Infringement

The FAC also includes allegations concerning Defendant's purported contributory infringement.  In this regard, Plaintiff asserts that Defendant facilitated the international distribution of its publications and, in the course of so doing, Defendant reproduced and distributed Plaintiff's images without his permission to "other entities, subsidiary companies, divisions, affiliates and/or third parties ('Third Parties')." (FAC ¶ 37).  Without Plaintiff's permission, the allegations continue, the Third Parties included Plaintiff's photographs in publications that had been translated into additional languages or published in local adaptations or reprints. (*Id.* at ¶ 38).

Plaintiff alleges that "[b]y transmitting [the Lefkowitz Images] to the Third Parties, Wiley enabled, induced, caused, facilitated, or materially contributed to the Third Parties' unauthorized reproduction and distribution of  [the Lefkowitz Images]." (FAC ¶ 38).  Plaintiff does not, however, identify any of the Third Parties who engaged in this alleged conduct.

### 3.   Defendant's Pattern of Infringement

Finally, the FAC devotes an entire section to allegations regarding Defendant's pattern of infringement.  In particular, Plaintiff alleges that

---

[4]     According to Plaintiff, prior to filing his complaint, Plaintiff asked Defendant to disclose its unauthorized uses of his photographs.  (FAC ¶ 35).  As of the time of the filing of the complaint, Defendant had not responded to Plaintiff's request.  (*Id.*).

Defendant has a general practice of infringing copyrights on the photographs it licenses for inclusion in its publications by exceeding the terms of the individual license agreements.  (FAC ¶ 23).  Plaintiff also identified numerous lawsuits in which Defendant has been sued for copyright infringement, including some in which juries have found Defendant liable for copyright infringement.  (*Id.* at ¶¶ 23-27).

## C.    The Instant Litigation

Plaintiff commenced this action on April 1, 2013, by filing his complaint in the United States District Court for the Eastern District of Pennsylvania.  (Dkt. #1).  On May 13, 2013, Defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer venue to the Southern District of New York based on the forum selection clauses contained in all the agreements referenced in the complaint.  (Dkt. #5).  On August 13, 2013, the Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, granted Defendant's motion to transfer this case to this District.  (Dkt. #11).  The case was transferred (Dkt. #13), and accepted by the undersigned as related to *Lefkowitz* v. *McGraw-Hill Companies, Inc.*, No. 13 Civ. 5023 (KPF), a case that had been similarly transferred from the Eastern District of Pennsylvania on July 19, 2013.

On October 2, 2013, Defendant filed a letter requesting a pre-motion conference regarding its anticipated motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. #15).  By letter dated October 7, 2013, Plaintiff

opposed Defendant's request to file a motion to dismiss under Rule 12(b)(6) on the basis that Defendant could have included its arguments in the initial motion to dismiss before Judge Baylson, and thus was barred from filing a successive Rule 12(b)(6) motion.  (Dkt. #16).[5]  At the same time, Plaintiff requested leave to file an amended complaint if the Court found that Plaintiff had not sufficiently pleaded standing for its breach of contract claim.  (*Id.*).

On October 28, 2013, the Court held a telephone conference with counsel for the parties in this action (who, as noted, are also counsel in the related McGraw Action), to discuss the contemplated motions in both cases.  At that conference, the Court determined that Defendant was precluded from filing a second motion to dismiss, and that the proper procedural course would be for Defendant to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  The Court also granted Plaintiff's request for leave to amend his complaint.  Accordingly, the Court ordered Plaintiff to file his amended complaint by November 4, 2013, and ordered Defendant to file its answer and motion for a judgment on the pleadings by December 6, 2013. (Dkt. #21).

Plaintiff filed his FAC on November 4, 2013.  (Dkt. #24).  The FAC asserts claims for copyright infringement, contributory copyright infringement, and breach of contract.  For relief, Plaintiff requests (i) a permanent injunction

---

[5]     Federal Rule of Civil Procedure 12 states: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).

against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell the Lefkowitz Images; (ii) impoundment of all copies of the Lefkowitz Images used in violation of Plaintiff's exclusive copyrights as well as related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Lefkowitz Images, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization; (iii) an award of Plaintiff's actual damages and all profits derived from the unauthorized use of the Lefkowitz Images or, where applicable and at Plaintiff's election, statutory damages; (iv) an award of Plaintiff's reasonable attorneys' fees; (v) an award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law; and (vi) an award of 10 times the license fee for unauthorized uses pursuant to the Corbis Agreements.

In accordance with the Court's order, Defendant filed its answer and its motion for judgment on the pleadings on December 6, 2013. (Dkt. #25, 26). Plaintiff filed his opposition on January 3, 2014 (Dkt. #32), and the motion was fully submitted when Defendant filed its reply on January 10, 2014 (Dkt. #33). On January 17, February 13, and May 22, 2014, Defendant filed three notices of supplemental authority (Dkt. #35, 36, 39), and on February 27 and April 28, 2014, Plaintiff also filed notices of supplemental authority (Dkt. #37, 38). Plaintiff responded to Defendant's May 22 supplemental authority on May 23, 2014. (Dkt. #40).

10

## DISCUSSION

### A.    Applicable Law

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard applied to a motion for judgment on the pleadings is the same as that used for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Sheppard* v. *Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *accord L-7 Designs, Inc.* v. *Old Navy, LLC.*, 647 F.3d 419, 429 (2d Cir. 2011). When considering such a motion, a court should "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber* v. *Metro. Life*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Selevan* v. *N.Y. Thruway Auth.*, 548 F.3d 82, 88 (2d Cir. 2009)). A plaintiff is entitled to relief if he alleges "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("[W]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge [plaintiff's] claims across the line from conceivable to plausible." (internal quotation marks omitted)).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the plaintiff must provide the grounds

11

upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'n, Inc.* v. *Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 546); *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Although "[s]pecific facts are not necessary," the statement must "give the defendant fair notice of what … the claim is and the grounds upon which it rests." *Erickson* v. *Pardus*, 551 U.S. 89, 93 (2007).

The Court is not, however, bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon* v. *Hennenman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith* v. *Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)); *see also Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678)).

In addition to the complaint, the Court may consider "any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013).

The Court may also consider any items of which judicial notice may be taken. *L-7 Designs, Inc.*, 647 F.3d at 422.

**B.    Analysis**

### 1.    Plaintiff Sufficiently Alleges a Claim for Copyright Infringement

"[A] properly pleaded copyright infringement claim must allege [i] which specific original works are the subject of the copyright claim, [ii] that plaintiff owns the copyrights in those works, [iii] that the copyrights have been registered in accordance with the statute, and [iv] by what acts during what time the defendant infringed the copyright." *Kelly* v. *L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992); *accord Warren* v. *John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013); *see generally Jorgensen* v. *Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

The FAC alleges that Plaintiff is the owner of an exclusive right under the copyright of the Lefkowitz Images (FAC ¶ 8), and that these images have been registered with the United States Copyright Office (*id.* at ¶ 9), thereby satisfying the second and third requirements for copyright infringement.  Plaintiff has also adequately alleged the first requirement — which specific original works are the subject of the copyright claim — by including the Lefkowitz Chart as an exhibit to the FAC.  *See Schneider* v. *Pearson Educ., Inc.*, No. 12 Civ. 6392 (JPO), 2013 WL 1386968, at *3 n.3 (S.D.N.Y. Apr. 5, 2013) (concluding that plaintiff had alleged sufficiently that specific works as to which he owned the copyright were infringed upon, where plaintiff listed the photographs at issue

and also indicated that the infringement was not limited to these works); *but see Cole* v. *John Wiley & Sons, Inc.*, No. 11 Civ. 2090 (DF), 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012) (finding it inadequate for Plaintiff "to base an infringement claim on overly-inclusive lists of copyrighted works" and "to list certain works that are the subject of an infringement claim, and then allege that the claim is also intended to cover other, unidentified works").[6] Defendant's arguments to the contrary (*see* Def. Br. 9-10), do not convince the Court otherwise.

Defendant further contends that the fourth requirement — by what acts during what time the defendant infringed the copyright — is not satisfied because Plaintiff has failed to identify the license terms or the infringing publication for any of the instances of infringement on the Lefkowitz Chart and, as a result, Plaintiff has failed to put Defendant on notice of the nature of the claims asserted against it.  (Def. Br. 9-10).

Defendant's argument is unavailing.  First, Defendant places a heightened pleading requirement upon Plaintiff that is not required by law.  For example, Defendant charges that Plaintiff failed to "differentiate its allegations

---

[6]     Notably, Plaintiff does not restrict his claim to the works identified in the Lefkowitz Chart.  Rather, Plaintiff alleges that Defendant exceeded the permitted uses under the terms of the limited licenses for the works identified in the Lefkowitz Chart *and* for other works "yet to be discovered."  (FAC ¶ 19).  To the extent that Plaintiff seeks to assert copyright infringement claims for works not listed in the Lefkowitz Chart, the Court charts a course closer to *Schneider* than to *Cole*, and dismisses that portion of the FAC.  *See Warren*, 952 F. Supp. 2d at 617 n.2 ("To the extent that [plaintiff] intends to assert copyright claims regarding these unspecified photographs, that portion of his Complaint is dismissed."); *Schneider*, 2013 WL 1386968, at *3 ("[T]o the extent that Plaintiff has attempted to state a claim for copyright infringement concerning works other than the ten listed in Exhibit A of the Complaint, he has failed to do so.").

of conduct among" the instances of infringement listed in the Lefkowitz Chart. (Def. Br. 9). Yet, as one court has already held, "it is not fatal" for a plaintiff's copyright claim if the complaint "fails to specify how each particular photograph has been infringed." *Warren*, 952 F. Supp. 2d at 617.

Second, a review of the FAC demonstrates that it does provide the notice to Defendant required by Rule 8. Plaintiff alleges that, "[u]pon information and belief, the licenses granted to Wiley from TSM and Corbis were expressly limited by number of copies, distribution area, image size, language, duration and/or media (print or electronic)." (FAC ¶ 17). Plaintiff then alleges that upon information and belief, Defendant exceeded the permitted uses under the term of the limited licenses for the Lefkowitz Images (*id.* at ¶19), by (i) copying the Lefkowitz Images "in numbers exceeding the limited print quantities in the licenses"; (ii) displaying the Lefkowitz Images "online or in digital media without permission to do so"; (iii) distributing the Lefkowitz Images in "geographic territories that were not authorized"; and (iv) copying the Lefkowitz Images "in custom, state-specific, language, or international editions without permission to do so" (*id.* at ¶ 34). Plaintiff also identifies a set of Defendant's publications in which the Lefkowitz Images appear. (*Id.* at ¶ 28).

Under Rule 8, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's allegations surely meet this standard. The FAC identifies Plaintiff's

15

copyright infringement claim, the images that Plaintiff claims were infringed, and the bases for Plaintiff's assertion that those images were infringed.  The FAC further alleges that, upon information and belief, Defendant has a "general practice of infringing copyrights in its use of photographs in its publications." (*Id.* at ¶ 23).  In support of this allegation, Plaintiff identifies 15 other lawsuits filed against Defendant in which litigants make the same claims that Plaintiff brings here, and two cases in which Defendant was found liable for engaging in the copyright infringement scheme that Plaintiff advances.  (*Id.* at ¶¶ 23-26). These allegations, taken as a whole, make plausible that Plaintiff is entitled to relief, and that this entitlement is more than speculative.[7]

Plaintiff also sufficiently narrows the time period by alleging that, upon information and belief, Defendant engaged in the infringing conduct after the invoice date listed on the Lefkowitz Chart.  (FAC ¶ 34).  This allegation provides the starting date on which Defendant is alleged to have infringed, and therefore sufficiently identifies the time period during which the infringement may have occurred.  *See E. Broadcasting Am. Corp.* v. *Universal Video, Inc.*, No. 04 Civ. 5654 (DGT), 2006 WL 767871, at *3 (E.D.N.Y. Mar. 24, 2006) (holding that plaintiff sufficiently alleged the time frame of the infringing activity, where the complaint alleged that the infringement took place on or before a particular date); *cf. Blagman* v. *Apple Inc.*, No. 12 Civ. 5453 (ALC) (JCF), 2013 WL

---

[7]    To be clear, Plaintiff's allegations are not made sufficient by the mere existence of the other lawsuits against Defendant.  Rather, the alleged existence of these lawsuits, in conjunction with the rest of Plaintiff's allegations, imparts plausibility to Plaintiff's copyright infringement claim.

2181709, at *3 (S.D.N.Y. May 20, 2013) (holding that the plaintiff adequately pleaded the requisite time period where, although he did not "specify the time period of infringement[,]" plaintiff did allege the defendants' "continued infringement, which courts in this Circuit have held satisfactory to survive a motion to dismiss" (collecting cases)).

Although many of the cases on which Plaintiff relies are cases in which the plaintiff provided additional specifications regarding the publications and licenses at issue (*see* Pl. Opp. 5 n.16 (citing, among other cases, *Carr Clifton* v. *Pearson, Educ., Inc.* (N.D. Cal. No. 5:11 Civ. 2090-EJD); *Alaska Stock, LLC* v. *Pearson Educ., Inc.* (D. Alaska No. 3:11 Civ. 00162 (TMB)))), such details are not necessary for Plaintiff to plead his claim for copyright infringement adequately. *See Wu* v. *Pearson Educ., Inc.*, No. 09 Civ. 6557 (RJH), 2010 WL 3791676, at *6 (S.D.N.Y. Sept. 29, 2010) (holding that plaintiff sufficiently alleged a claim for copyright infringement where plaintiff alleged that defendant had exceeded the allowed print run on the licenses governing the works at issue without first seeking prior authorization or paying any additional licensing fee); *Sensi* v. *Houghton Mifflin Harcourt Publ'g Co., et al.*, No. 13 Civ. 2891 (GBD) (finding complaint sufficient where plaintiff did not include the license terms with its complaint: "I think the complaint minimally puts the defendant on notice that defendant was given licenses directly by the plaintiff and by the third party that they exceeded those licenses by exceeding the limited print run, and I [do not] think the burden is on the plaintiff at this point to specify every single

excessive use in that regard.  I don't think that the notice pleading requires that kind of specificity." (Penchina Decl., Ex. 4 at 46)); *cf. Warren*, 952 F. Supp. 2d at 618 ("[I]t is not fatal to [the] copyright claim that the Complaint fails to specify how each particular photograph has been infringed.").

By contrast, the cases on which Defendant relies in support of its argument that Plaintiff fails adequately to plead the necessary elements are readily distinguishable.  (Def. Br. 9).  In *Palmer Kane LLC* v. *Scholastic Corp.*, the complaint made no mention of a time period, and only contained "several broad allegations" that the defendant had "exceeded the licenses it obtained to use Plaintiff's images, reused Plaintiffs works without a license[,]" and used the images without permission or prior to obtaining permission."  No 12 Civ. 3890 (TPG), 2013 WL 709276, at *3 (S.D.N.Y. Feb. 28, 2013).  The court in *Palmer Kane* explained: "Although Exhibit A, listing [the plaintiff's] works contains an invoice date for each of the images, the complaint makes no mention of these dates, let alone how they relate to a time period in which [the defendant] infringed on [the plaintiff's] works." *Id.*  Plaintiff's complaint is not deficient in this respect.  The FAC identifies the exact relevance of the invoice dates, thereby delineating the relevant time period.  And while it is true that the court in *Palmer Kane* faulted the plaintiff there for not limiting its claims to the works listed, *see id.* ("[S]ince [plaintiff] has provided a list of works but indicated that his list is not exhaustive,… the complaint fails to specify which works are at issue."), the Court has already dismissed Plaintiff's claim with respect to works

18

not identified in the Lefkowitz Chart.  Even had it not, this similarity with the
present case does not render the FAC inadequate.  *See Schneider*, 2013 WL
1386968, at *3 n.3 ("To the extent, however, that … other district court
opinions set forth [a rule under which a plaintiff fails to state a claim for
copyright infringement where the plaintiff provides a non-exhaustive list of
infringed works,] this Court takes a different course.").

As for the other cases on which Defendant relies, the plaintiff in *Marvullo*
v. *Gruner & Jahr*, 105 F. Supp. 2d 225, 228 (S.D.N.Y. 2000), had conclusorily
alleged that the defendants had published the works at issue "beyond the
scope … of the limited license."  The plaintiff in *Cole*, 2012 WL 3133520, at
*12-13, similarly, had neither identified any work that it claimed the defendant
had infringed, nor included any detail as to any of the claimed infringing acts.
In short, the FAC contains much more robust allegations than those contained
in the complaints at issue in *Palmer*, *Marvullo*, and *Cole*.

It is also of no moment that many of Plaintiff's allegations are predicated
"upon information and belief."  Prefacing allegations with this standard
pleading qualification does not eviscerate the sufficiency of a complaint.  *Wu*,
2010 WL 3791676, at *6 ("Pursuant to Rule 11(b) of the Federal Rules of Civil
Procedure, however, plaintiffs may plead the allegations in complaints upon
information and belief, and many of these qualifiers are roughly equivalent to
so pleading."); *see also Schneider*, 2013 WL 1386968, at *3 ("[T]he Court fails to
see why several discrete paragraphs in a Complaint should nullify other,

19

factually specific allegations in the Complaint; it would be unjust and inappropriate to throw out these well-pleaded allegations, merely because Plaintiff's Complaint may also contain a bit of bathwater."). Plaintiff's pleading style is particularly appropriate in light of his allegations that key evidence supporting his claim is in Defendant's possession. (FAC ¶¶ 19, 27, 35).[8] As the Second Circuit has stated, in the context of reviewing the sufficiency of a plaintiff's claim for copyright infringement:

> The *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged "upon information and belief" where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible.

*Arista Records, LLC* v. *Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations and quotation marks omitted).

A district court should not dismiss a claim "unless it is satisfied that the complaint cannot state any set of facts that would entitle [the plaintiff] to relief." *Patel* v. *Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). This is not the case here; the FAC sets out facts entitling Plaintiff to relief. Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content [that] allows the court to draw the reasonable inference that the

---

[8]    The parties dispute whether Plaintiff had access to information regarding the license terms for the works at issue. The Court must take Plaintiff's allegations that he does not have access to certain information as true for the purposes of this pleading. *Faber*, 648 F.3d at 104 (identifying that when considering a motion to dismiss for failure to state a claim, a court must "assume all well-pleaded factual allegations to be true" (internal quotation marks omitted)). In any event, Plaintiff was not required to allege this information here in order for the FAC to meet the pleading requirement, and so the Court need not resolve this issue in order to resolve the pending motion.

defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 679.  The FAC as a whole satisfies the plausibility requirement; it gives rise to a plausible narrative supporting Plaintiff's claim, *see Twombly*, 550 U.S. at 570, and thus sufficiently alleges a claim for copyright infringement.  *See Warren*, 952 F. Supp. 2d at 618 ("[A]ll three Plaintiffs have sufficiently alleged: [i] which specific works have been infringed; [ii] that Plaintiffs registered and own the copyright to those work; and [iii] in what way the works were infringed."); *Schneider*, 2013 WL 1386968, at *4 ("Plaintiff's Complaint sufficiently states a claim for copyright infringement; it both provides 'fair notice' to Defendant and contains specific factual allegations sufficient to 'nudge[]' Plaintiff's infringement claims 'across the line from conceivable to plausible.'" (quoting *Twombly*, 550 U.S. at 561, 570)).  To require more at this stage in the litigation would be to place an impermissible burden on Plaintiff.

Accordingly, Defendant's motion for a judgment on the pleadings as to Plaintiff's copyright infringement claim is denied, with the exception that Plaintiff's claims for copyright infringement for works not listed in the Lefkowitz Chart are dismissed.

### 2. Plaintiff Fails to State a Claim for Contributory Copyright Infringement

Defendant next argues that Plaintiff fails to state a claim for contributory copyright infringement, arguing that the FAC's allegations of Defendant's contribution to and knowledge of alleged infringement by others are nothing

21

more than recitations of the legal standard bereft of factual support.  (Def. Br. 13).  On this claim, Defendant is correct.

"Although the Copyright Act does not expressly render anyone liable for infringement committed by another[,] [] doctrines of secondary liability[,]" such as contributory copyright infringement, "emerged from common law principles and are well established in the law." *Metro-Goldwyn-Mayer Studios Inc.* v. *Groster, Ltd.*, 545 U.S. 913, 930 (2005).  As an initial matter, for Plaintiff adequately to plead a claim for contributory copyright infringement, he must initially plead a claim for direct infringement.  *Marvullo*, 105 F. Supp. 2d at 229.  As just held, Plaintiff has satisfied this burden.  Beyond that, Plaintiff must allege that "the defendant with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another." *Wolk* v. *Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 750 (S.D.N.Y. 2012) (internal quotation marks omitted); *Brought to Life Music, Inc.* v. *MCA Records, Inc.*, No. 02 Civ. 1164 (RWS), 2003 WL 296561, at *2 (S.D.N.Y. Feb. 11, 2003) (quoting *Gershwin Publ'g Corp.* v. *Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)).  Liability will exist if the "defendant engages in personal conduct that encourages or assists the infringement," *Arista Records,* 604 F.3d at 118, and there is either actual or constructive knowledge of the infringing activity, *Brought to Life Music, Inc.*, 2003 WL 296561, at *2.

22

The FAC contains seven allegations targeted toward Plaintiff's contributory infringement claim, all of which are pleaded on "information and belief." (FAC ¶¶ 36-42). Although it is generally appropriate for Plaintiff to plead by use of such caveats where "the facts are peculiarly within the knowledge of the defendants," it is nonetheless "axiomatic that the complaint must allege facts demonstrating the basis for the information and belief." *MLSMK Inv. Co.* v. *JP Morgan Chase & Co.*, 737 F. Supp. 2d 137, 144 (S.D.N.Y. 2010); *see also Kajoshaj* v. *New York City Dep't of Educ.*, 543 F. App'x 11, 16 (2d Cir. 2013) (summary order) ("While [p]leading on the basis of information and belief is generally appropriate where information is particularly within [defendants'] knowledge and control, even such pleadings must be grounded in a good-faith basis in fact for believing that such comparators exist." (internal quotation marks and citations omitted)).

Unlike Plaintiff's claim for direct infringement, which included allegations, among others, identifying the licenses, the photographs at issue, the known publications, and Defendant's purported penchant for violating licenses similar to those at issue in this action, Plaintiff's claim for contributory infringement provides no such factual foundation. Rather, the contributory infringement claim appears predicated on nothing more than Plaintiff's assumption that Defendant "facilitated the international distribution of its publications ... through its Subsidiary Rights, Global Rights, and Permissions Departments" (FAC ¶ 36), and then "reproduced and distributed" the Lefkowitz

23

Images to third parties, whom Plaintiff fails to identify (*id.* at ¶ 37).  Based on this, Plaintiff alleges that "[b]y transmitting" the Lefkowitz Images to third parties, Defendant "enabled, induced, caused, facilitated, or materially contributed to the Third Parties' unauthorized reproduction and distribution" of the Lefkowitz Images.  (*Id.* at ¶ 38).  Plaintiff does not, however, identify a single publication in which a third party published his images.

The participation prong will not be satisfied by "allegation[s] that a defendant merely provid[ed] the means to accomplish an infringing activity." *Brought to Life Music, Inc.*, 2003 WL 296561, at *2 (internal quotation marks omitted).  "Rather, participation in the infringement must be substantial and the authorization or assistance must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer."  *Id.* (internal quotation marks omitted).  There is nothing in the FAC to provide a reasonable basis for the Court to conclude that Defendant engaged in the requisite level of participation.

Similar problems befall Plaintiff's efforts to demonstrate that Defendant had knowledge of the infringing activity.  Plaintiff alleges that Defendant "knew when it reproduced and distributed the [Lefkowitz Images] that the Third Parties would reproduce and distribute the [Lefkowitz Images] without Plaintiff's authorization" (FAC ¶ 40), and that Defendant "knew that the Third Parties were reproducing and distributing the [Lefkowitz Images] without authorization" (*id.* at ¶ 41).  These allegations of knowledge are inadequate,

24

however, because "[m]ere knowledge of infringing potential or of actual infringing uses" is not sufficient to subject a party to liability. *Metro-Goldwyn-Mayer Studios Inc.*, 545 U.S. at 937. "[K]nowledge means actual or constructive knowledge of specific and identifiable infringements of individual items, not a general awareness that there are infringements." *Wolk*, 840 F. Supp. 2d at 751 (internal quotations marks omitted). Read most generously, the FAC contains nothing more than a general awareness that third parties allegedly infringed on Plaintiff's copyrights.

Whether a party has sufficiently pleaded a claim for contributory copyright infringement "is a close question on which federal district courts have diverged when assessing similar complaints." *Muench Photography, Inc.* v. *Pearson Educ., Inc.*, No. 13-cv-03937-WHO, 2013 WL 6172953, at *5 (N.D. Cal. Nov. 25, 2013) (collecting cases). The FAC here, however, fails adequately to plead a claim for contributory infringement under decisions on both sides of this divergence. On one side of the spectrum, in *Panoramic Stock Images, Ltd.* v. *Pearson Educ., Inc.*, No. 12 Civ. 9918 (SJC), 2013 WL 2357586, at *3 (N.D. Ill. May 29, 2013), the court held that the plaintiff failed to state a claim for contributory infringement because the plaintiff "fail[ed] to identify any third party or publication that allegedly infringed on its copyrights or any factual basis suggesting that [the plaintiff] induced or encouraged infringement." On the other side of the spectrum, in *Bavendam* v. *Pearson Educ., Inc.*, No. 13 Civ. 3096 (FSH), 2013 WL 5530008, at *5 (D.N.J. Oct. 3, 2013), the court held that

plaintiff's complaint was sufficient on substantially similar allegations, but where the plaintiff also provided "two examples of third-party publications that allegedly included photographs at issue."  Unlike both of these cases, Plaintiff fails to identify even one publication in which a third party included Plaintiff's copyrighted works.  The FAC's allegations are conclusory assertions tracking the elements of the claim that cannot suffice to state a claim to which Plaintiff is entitled to relief.  *See generally Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's failure to plead his contributory copyright infringement claim adequately at this early stage in the litigation is not fatal.  "It is the usual practice upon granting a motion to dismiss to allow leave to replead."  *Cortec Indus., Inc.* v. *Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).  This principle is equally applicable to "a motion for judgment on the pleadings brought under Rule 12(c)."  *First Cent. Sav. Bank* v. *Meridian Residential Capital*, No. 09 Civ. 3444 (DLI) (LB), 2011 WL 838910, at *11 (E.D.N.Y. Mar. 3, 2011).  To that end, the Court sees no reason to deny Plaintiff the opportunity to plead adequately his claim for contributory copyright infringement.

Accordingly, Plaintiff is granted leave to file a second amended complaint consistent with this Opinion.  The second amended complaint must be filed and served no later than four weeks from the date of this Opinion.  The dismissal of Plaintiff's contributory copyright infringement claim will be held in

abeyance pending the filing of the second amended complaint.  Plaintiff's
failure to file a second amended complaint in a timely fashion will result in the
entry of dismissal of his contributory infringement claim.

### 3. Defendant Has Not Demonstrated That Plaintiff's Claims for Copyright Infringement Are Barred by the Statute of Limitations

Having determined that Plaintiff has stated a claim for direct copyright
infringement, the Court will now address the scope of Plaintiff's claim.

A civil action under the Copyright Act must be "commenced within three
years after the claim accrued." 17 U.S.C. § 507(b) ("No civil action shall be
maintained under the provisions of this title unless it is commenced within
three years after the claim accrued.").  The parties dispute whether the Court
should apply an "injury rule," under which "a claim accrues at the time of each
act of infringement, regardless of the copyright holder's knowledge of the
infringement," *Urbont* v. *Sony Music Entm't*, 863 F. Supp. 2d 279, 281 (S.D.N.Y.
2012), or a "discovery rule," under which "a claim for copyright infringement
does not accrue until the aggrieved party knows or has reason to know of the
injury that forms the basis of the claim," *id.*  Defendant argues that the injury
rule applies, and that any claims for copyright infringement under Counts I
and II of the FAC based on alleged acts of infringement prior to April 1, 2010,
are barred by the statute of limitations.  (Def. Br. 15-16).  Conversely, Plaintiff
contends that the discovery rule applies, and that because Plaintiff has not

27

pleaded facts that would enable the Court to apply the discovery rule to the case at hand, Defendant's motion must be denied.  (Pl. Opp. 15).

Until recently, the Second Circuit had not determined the appropriate accrual rule for federal copyright infringement claims.  *Urbont*, 863 F. Supp. 2d at 282 ("Neither the Supreme Court nor the Second Circuit has ruled on the appropriate rule for federal copyright infringement claims."); *see also TufAmerica, Inc.* v. *Diamond*, No. 12 Civ. 3529 (AJN), 2013 WL 4830954, at *17 (S.D.N.Y. Sept. 10, 2013) (same).  In the absence of Second Circuit precedent on this issue, the majority of the courts in this Circuit had initially applied the discovery rule in infringement cases, based on their interpretation of the Second Circuit's holdings in *Stone* v. *Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992), and *Merchant* v. *Levy*, 92 F.3d 51, 56 (2d Cir. 1996).  *See Muench Photography, Inc.* v. *Houghton Mifflin Harcourt Publ'g Co.*, No. 09 Civ. 2669 (LAP), 2013 WL 4464002, at *5 (S.D.N.Y. Aug. 21, 2013) (recounting history).  But, beginning with the Supreme Court's decision in *TRW Inc.* v. *Andrews*, 534 U.S. 19 (2001), and particularly after United States District Judge Lewis A. Kaplan's decision in *Auscape Int'l* v. *Nat'l Geographic Soc'y*, 409 F. Supp. 2d 235 (S.D.N.Y. 2004), the pendulum had swung in the other direction, with the "majority of courts" in this District applying the injury rule to infringement claims.  *TufAmerica, Inc.*, 2013 WL 4830954, at *17 ("Since *Auscape*, a growing majority of the courts in the Southern District of New York to address this

question have followed Judge Kaplan's lead and applied the injury rule to infringement claims." (collecting cases)).

On April 4, 2014, the Second Circuit put an end to the uncertainty when it held, in *Psihoyos* v. *Wiley & Sons., Inc.*, that the discovery rule applies to claims for federal copyright infringement. 748 F.3d 120, 124 (2d Cir. 2014) ("We agree with our sister Circuits that the text and structure of the Copyright Act, unlike the [Fair Credit Reporting Act], evince Congress's intent to employ the discovery rule, not the injury rule."). Under *Psihoyos,* "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Id.* Following *Psihoyos*, this Court applies the discovery rule here.[9]

---

[9]     Defendant directs the Court to the Supreme Court's recent decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. —, 2014 WL 2011574 (2014), reading that case to hold that the injury rule, not the discovery rule, applies to federal copyright infringement claims. *Petrella* does not hold as such. Rather, the Supreme Court in *Petrella* held that the equitable doctrine of laches did not bar a plaintiff's claim that was brought within the three-year statute of limitations period governing copyright infringement claims. In so doing, the Court plainly did not decide when a copyright infringement action accrues, stating:

> Although we have not passed on the question, nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a "discovery rule," which starts the limitations period when "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim."

2014 WL 2011574, at *6 n.4 (quoting *William A. Graham Co.* v. *Haughey*, 568 F.3d 425, 433 (3d Cir. 2009)). The Court made no further comment on the issue, thereby purposely leaving it undecided. At the same time, however, the *Petrella* Court issued certain statements that could be interpreted to cast doubt on those decisions adopting the discovery rule, such as *Psihoyos. Id.* at *6 ("A copyright claim thus arises or accrue[s] when an *infringing act occurs*[.]"; "Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of *its occurrence.*" (internal quotation marks omitted) (emphases added)). Be that as it may, a suggestion that the Supreme Court may favor the injury rule, without more, does not trump Second Circuit precedent. For now, *Psihoyos* remains the law of this Circuit.

The FAC is silent on when Plaintiff had "actual or constructive discovery" of Defendant's purported infringement.  Rather, and as discussed earlier, the FAC provides the relevant time frame by alleging that upon information and belief, Defendant infringed after the date on the invoices listed on the Lefkowitz Chart.  (FAC ¶ 34).  Consequently, there are insufficient facts before the Court on which it may determine whether Plaintiff's direct copyright infringement claims are time-barred.  Defendant's argument that Plaintiff's copyright infringement claims must be dismissed on statute of limitations grounds "is an affirmative defense for which [Defendant] bears the burden of proof." *United States* v. *Livecchi*, 711 F.3d 345, 352 (2d Cir. 2013).  Because Defendant has not satisfied this burden, its motion to dismiss on this basis is denied. *Connecticut Indep. Utility Workers Local 12924* v. *Connecticut Natural Gas Corp.*, No. 3:12-cv-961 (JBA), 2013 WL 2946119, at *4 (D. Conn. June 14, 2013) ("Because Defendants' statute of limitations argument is an affirmative defense for which [they] bear[ ] the burden of proof, Defendants' motion to dismiss is denied on this ground." (internal quotation marks and citation omitted)).

### 4.   Plaintiff Is Estopped from Asserting His Breach of Contract Claim

The preclusive effect of a prior judgment is dictated by the doctrines of claim preclusion and issue preclusion, also identified as collateral estoppel. *Taylor* v. *Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'").  "For judgments in federal-question

cases … federal courts participate in developing uniform federal rule[s] of res judicata." *Id.* at 891 (internal quotation marks omitted).[10]

Under claim preclusion, a final judgment bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor*, 553 U.S. at 892 (internal quotation marks omitted). By contrast, issue preclusion forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* Issue preclusion can be "offensive" or "defensive." *Parklane Hosiery Co., Inc.* v. *Shore*, 439 U.S. 322, 326 n.4 (1979). As relevant here, "[d]efensive use occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." *Id.*

"By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,'" res judicata and collateral estoppel "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by

---

10      "For judgment in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor*, 553 U.S. at 891 n.4. Plaintiff, however, alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (providing district courts with "original jurisdiction of any civil action arising under any Act of Congress relating to … copyrights"), and that it has supplemental jurisdiction over the breach of contract claims under 28 U.S.C. § 1367. Consequently, this Court need not assess New York State preclusion law. In any event, "there is no discernible difference between federal and New York law concerning res judicata and collateral estoppel." *Marvel Characters, Inc.* v. *Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

minimizing the possibility of inconsistent decisions.'" *Taylor*, 553 U.S. at 892
(quoting *Montana* v. *United States*, 440 U.S. 147, 153-54 (1979)); *Marvel
Characters*, 310 F.3d at 286 ("These related but distinct doctrines operate to
prevent parties from contesting matters that they have had a full and fair
opportunity to litigate, thereby conserving judicial resources and protecting
parties from the expense and vexation of multiple lawsuits.").

For issue preclusion to apply, four elements must be satisfied: "[i] the
issues of both proceedings must be identical, [ii] the relevant issues were
actually litigated and decided in the prior proceeding, [iii] there must have been
'full and fair opportunity' for the litigation of the issues in the prior proceeding,
and [iv] the issues were necessary to support a valid and final judgment on the
merits." *Cent. Hudson Gas & Elec. Corp.* v. *Empresa Naviera Santa S.A.*, 56
F.3d 359, 368 (2d Cir. 1995).  In assessing these requirements, however, the
Court is mindful that "[d]espite the economies achieved by use of collateral
estoppel, it is not to be mechanically applied, for it is capable of producing
extraordinary harsh and unfair results." *Remington Rand Corp.* v. *Amsterdam-
Rotterdam Bank, N.V.*, 68 F.3d 1478, 1486 (2d Cir. 1995).

Plaintiff's breach of contract claim seeks to enforce, in his own right, the
Corbis Agreements that he alleges govern Corbis' and Defendant's relationship.
(FAC ¶¶ 43-53).  In particular, Plaintiff seeks to recover under the Ten Times
Provision in those contracts.  (*See id.* at ¶ 49).  Plaintiff alleges that Defendant
has breached the Corbis Agreements "by exceeding the material terms of the

32

licenses and failing to pay the contractually agreed amount for doing so, i.e.,
refusing to pay the 10 times fees for its unauthorized uses of Lefkowitz's
images." (*Id.*).[11]  Defendant argues that Plaintiff is barred from asserting his
breach of contract claim because a district judge in the United States District
Court of Massachusetts, in *Lefkowitz* v. *Houghton Mifflin Harcourt Publ'g Co.*,
No. 12-10614-FDS, 2013 WL 3816717, at *5 (D. Mass. July 19, 2013) (the
"Massachusetts Action"), already held that Plaintiff lacks standing to enforce
the Corbis Agreements.

Plaintiff does not dispute that he is "bound" by the decision in the
Massachusetts Action.  (Pl. Opp. 18).  Instead, Plaintiff contends that the first
requirement of issue preclusion — that the issues in both proceedings be
identical — is not satisfied because the Massachusetts court did not evaluate
the principal-agency argument that Plaintiff advances here, and because
Defendant has not demonstrated that the terms of the agreements in both
actions are identical.  (*Id.* at 18-19 ("[T]here is a real question whether the
issues were identical.")).

Plaintiff is wrong, and the requirements of issue preclusion are satisfied.
As a preliminary matter, even though the Court must accept Plaintiff's factual

---

11      In the context of arguing that the Ten Times Provision is enforceable under New York
law, Plaintiff claims in his papers that his breach of contract claim is not for
Defendant's unauthorized use of the Lefkowitz Images, but only for Defendant's refusal
to pay Plaintiff in accordance with the Ten Times Provision.  (Pl. Opp. 22).  The FAC,
however, ostensibly alleges a breach of contract claim in both respects by its inclusion
of the aforementioned allegation.  The Court need not address this potential
inconsistency, because under either scenario Plaintiff's contract claim is premised on
Defendant's alleged breach of the Corbis Agreements.

allegations as true and draw all reasonable inferences in his favor, issue preclusion "will nonetheless bar a plaintiff's claim when [a] plaintiff's 'factual allegations have been decided otherwise in a previous litigation.'" *Poindexter* v. *Cash Money Records*, No. 13 Civ. 1155 (RWS), 2014 WL 818955, at *3 (S.D.N.Y. Mar. 3, 2014) (quoting *Jacobs* v. *Law Offices of Leonard N. Flamm*, No. 04 Civ. 7607 (DC), 2005 WL 1844642, at *3 (S.D.N.Y. July 29, 2005)); *cf. Linden Airport Mgmt. Corp.* v. *N.Y.C. Econ. Dev. Corp.*, No. 08 Civ. 3810 (RJS), 2011 WL 2226625, at *3 (S.D.N.Y. June 1, 2011) ("[I]t is well settled that a court may dismiss a claim on *res judicata* or collateral estoppel grounds on a Rule 12(b)(6) motion."). In such instances, dismissal is appropriate when "'it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law.'" *Linden Airport Mgmt. Corp.*, 2011 WL 2226625, at *3 (quoting *Conopco, Inc.* v. *Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)); *U.S. Fidelity & Guar. Co.* v. *Petroleo Brasileiro S.A.*, No. 98 Civ. 3099 (JGK), 2001 WL 300735, at *23 n.17 (S.D.N.Y. Mar. 27, 2001) (relying on cases resolving Rule 12(b)(6) motions to identify that "[a] collateral estoppel defense [] may be analyzed on a Rule 12(c) motion where all the relevant facts are set forth in the complaint and in matters of which the Court may take judicial notice").

To resolve another preliminary matter, the Court must address Plaintiff's argument that Defendant has not met its burden with respect to the agreements at issue. (Pl. Opp. 18). The Court agrees with Plaintiff that the

burden of proving that the issues in both proceedings are identical is on Defendant. *Barnes* v. *Pozzi*, No. 10 Civ. 2554 (JGK), 2012 WL 3155073, at *7 (S.D.N.Y. Aug. 3, 2012) ("The burden of proving that the identical issue was previously decided is on the party asserting preclusion." (internal quotation marks omitted)). But one need only look at the agreements affixed to Plaintiff's complaint in the Massachusetts Action, which Defendant submitted with its motion (Penchina Decl., Ex 1), and the agreements attached to the FAC (FAC, Ex. 5, 7) to see that Defendant has discharged this burden. The Corbis Agreements and the Representation Agreement between Corbis and Plaintiff — the agreements on which Plaintiff relies to advance his standing argument — are the same in both cases. The Court will thus address the requirements of issue preclusion in turn.

Starting with the first requirement, the Supreme Court has held that there does not need to be perfect identity of issues. *Montana*, 440 U.S. at 155. Instead, a court must determine "first, whether the issues presented by this litigation are in substance the same as those resolved [in the prior litigation]; second, whether controlling facts or legal principles have changed significantly since the [prior litigation]; and finally, whether other special circumstances warrant an exception to the normal rules of preclusion." *Id.* The Court is not aware of, nor do the parties point to, any controlling facts or legal principles that have changed since the Massachusetts decision was issued. Similarly, there are no other special circumstances that counsel against applying issue

preclusion to this case.  In point of fact, courts in this District "have previously applied collateral estoppel to the issue of standing."  *See, e.g.*, *Hollander* v. *Members of The Bd. of Regents of The Univ. of the State of New York*, No. 10 Civ. 9277 (LTS) (HBP), 2011 WL 5222912, at *2 (S.D.N.Y. Oct. 31, 2011), *aff'd*, 524 F. App'x 727 (2d Cir. 2013) (summary order) ("This Court has previously applied collateral estoppel to the issue of standing."); *Poindexter*, 2014 WL 818955, at *7 (holding that "Plaintiff is collaterally estopped for lack of standing, and Defendant's motion to dismiss is granted").

A review of the Massachusetts Action makes clear that the breach of contract claim presented here is virtually identical to the claim decided by the Massachusetts court.  In the Massachusetts Action, Plaintiff similarly alleged that publisher Houghton Mifflin Harcourt Publishing Co. ("HMH") had used his photographs in violation of Plaintiff's copyrights, and in breach of the relevant license agreements.  (*See* Penchina Decl., Ex. 1).  Just as here, Plaintiff sought to enforce the Corbis Agreements against HMH in the Massachusetts Action, and attached the Corbis Agreements as well as the Representation Agreement to the complaint.  (*Compare* Penchina Decl., Ex. 1, ¶¶ 10-13, 16-20 & Ex. 2-3, *with* FAC ¶¶ 43-53 & Ex. 5, 7).  In particular, Plaintiff alleged, as he does here, that: (i) Corbis licensed photographs as Plaintiff's agent; (ii) "HMH entered into license agreements relating to Lefkowitz'[s] images, including but not limited to the [Corbis Agreements]"; (iii) HMH breached those agreements "by exceeding material terms of the licenses and failing to pay the contractually agreed

36

amount for doing so"; (iv) "Lefkowitz suffered damages as a result of HMH's breach of contract"; and (v) "[b]y the terms of the agreements entered into by HMH, HMH is required to pay ten (10) times the license fee for any unauthorized use, in addition to any other remedies applicable under copyright law." (*Compare* Penchina Decl. Ex. 1, ¶¶ 26-29, *with* FAC ¶¶ 44, 60, 64-65). For relief, Plaintiff sought "an award of ten (10) times the license fee for any unauthorized use." (*Compare* Penchina Decl. Ex. 1 ¶ 4, *with* FAC ¶ 6).

Among other things, HMH moved to dismiss Plaintiff's breach of contract claim for lack of standing. *Lefkowitz*, 2013 WL 3816717, at *1. HMH argued that Plaintiff had "no right to enforce the terms of the [Corbis Agreements], and therefore ha[d] no standing to bring the breach of contract claims set forth in the complaint." *Id.* at *3. The Honorable F. Dennis Saylor IV, United States District Judge for the District of Massachusetts, engaged in a detailed analysis of whether Plaintiff had standing to bring his breach of contract claims under the Corbis Agreements, ultimately holding that Plaintiff "ha[d] not set forth any adequate basis for [the court] to find that [Plaintiff] ha[d] standing to enforce the terms of the contracts between Corbis and HMH[,]" and thus "ha[d] not adequately pleaded standing to bring any claims for breach of contract." *Id.* at *5.

Judge Saylor explained that Plaintiff "ha[d] not established that he ha[d] standing to sue as a third-party beneficiary" under New York law, the law governing the Corbis Agreements. *Lefkowitz*, 2013 WL 3816717, at *4. The

37

court also rejected Plaintiff's argument that he had standing to sue because Corbis had assigned Plaintiff this right pursuant to a provision in Plaintiff's Representation Agreement with Corbis that, according to Plaintiff, granted him the right to sue for copyright infringement if Corbis declined to so do.  *Id.* at *5. Because the court held that Plaintiff lacked standing, it granted HMH's motion to dismiss Plaintiff's breach of contract claims.  *Id.*

      This Court is presented with the same issue of whether Plaintiff has standing to pursue his breach of contract claims against a party that licensed Plaintiff's photographs from Corbis, claims predicated on the exact same agreements on which Judge Saylor based his opinion.  Moreover, the Massachusetts Action decided the issue under New York law, just as the parties would have the Court do here in accordance with the choice-of-law provision in the Corbis Agreements.  (FAC, Ex. 7).  Plaintiff contends that the actions are not sufficiently similar because the district court in Massachusetts did not assess the principal-agency argument that Plaintiff advances here. Even if true, the fact that Plaintiff relies on an additional argument here in support of his claim does not change the analysis.  *See Hollander*, 2011 WL 5222912, at *2 (holding that collateral estoppel barred plaintiff's attempt to relitigate his standing to bring an Establishment Clause claim and stating that "[p]laintiff's attempt to litigate alternate grounds for standing in this lawsuit is improper and unavailing").  It is also irrelevant that the images at issue in the two cases may be different, because the court's ruling in the Massachusetts

38

Action is based on the same agreements on which Plaintiff relies here to establish standing. *See Poindexter*, 2014 WL 818955, at *4 ("Although EMI concerned Plaintiff's alleged rights to the 'Thin Line Between Love and Hate' recording, Judge Swain's determination bars Plaintiff from re-litigating the ownership issue with respect to the 'Love Gonna Pack Up' recording as well, given that both recordings are governed by the same 1988 Agreement on which Judge Swain's determination is based."); *cf. Fulani* v. *Bentsen*, 862 F. Supp. 1140, 1149 (S.D.N.Y. 1994) ("As Fulani's asserted injury has not changed, however, the Court finds that collateral estoppel is applicable despite the fact that the instant case involved the 1992 general election debates, as opposed to the 1988 general election debates.").

Turning to the second requirement, the relevant issue — whether Plaintiff has standing to pursue his breach of contract claim pursuant to the Corbis Agreements — was actually litigated and decided in the Massachusetts Action. This is clearly demonstrated by the above summary of that action, and Plaintiff does not dispute that this requirement is satisfied. The Court's decision here, as it necessarily was in the Massachusetts Action, is limited to Plaintiff's ability to assert standing under the Corbis Agreements because it is those agreements on which Plaintiff relies and which he attached to the FAC. Plaintiff is, of course, not foreclosed from establishing standing on another basis, and the Court's decision here imparts no statement on Plaintiff's ability to do so. Indeed, Plaintiff alleges that Defendant "entered into license

agreements relating to Lefkowitz's images, including but not limited to the Corbis agreements referenced in Exhibit 1" (FAC ¶ 60), thereby leaving open the potential for Plaintiff to establish standing on an agreement not now relied upon.  For that reason, and because the Court has determined that Plaintiff lacks standing, the dismissal of Plaintiff's breach of contract claim will be without prejudice.  *See Hernandez* v. *Conriv Realty Assoc.*, 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.").

As for the third requirement, Plaintiff had a "full and fair opportunity" to litigate the standing issue in the Massachusetts Action, another point that Plaintiff does not refute.  *Fulani*, 862 F. Supp. at 1150 (holding that plaintiff had a "full and fair opportunity" to litigate the standing issue in a prior proceeding, on appeal, and before the Supreme Court); *see also Jefferson Ins. Co. of New York* v. *Fortress Re, Inc.,* 616 F. Supp. 874, 877 (S.D.N.Y. 1984) ("A party given a full and fair opportunity to litigate an issue of law in one action may be estopped from relitigating it in a subsequent action.").  Particularly in light of Plaintiff's "control of and participation in the" Massachusetts Action, he cannot "seriously contend that he had no 'full and fair opportunity' to litigate all issues decided" in that action.  *Cent. Hudson Gas & Elec.*, 56 F.3d at 369.

Lastly, it must be decided whether the issue decided in the prior proceeding was necessary to support a valid and final judgment on the merits. This final requirement is also satisfied because the Massachusetts court's

40

decision that Plaintiff lacked standing was the basis on which that court dismissed Plaintiff's breach of contract claim. *Lefkowitz*, 2013 WL 3816717, at *5 ("Plaintiff has not set forth any adequate basis for this Court to find that he has standing to enforce the terms of the contracts between Corbis and [defendant].... Accordingly, defendant's motion to dismiss will be granted.").

Having found all of the requirements of collateral estoppel met, and there being no reason not to apply this doctrine here, the Court concludes that Plaintiff is estopped from asserting that he has standing to advance a breach of contract claim against Defendant predicated on the Corbis Agreements. Moreover, because the Court has found this issue precluded, it need not consider the merits of Plaintiff's breach of contract claims against Defendant. *See Fulani*, 862 F. Supp. at 1147 ("As the Court finds that plaintiffs are estopped from asserting that they have standing to challenge the CPD's tax-exempt status, the Court need not consider the merits of plaintiffs' claims against the defendants."); *see also Hollander*, 2011 WL 5222912, at *2 ("When one issue is dispositive of a matter, there is no need for the Court to address alternative grounds for disposition.").

Accordingly, Plaintiff's breach of contract claim is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED in part and DENIED in part.  To the extent Plaintiff's copyright infringement claim includes works not listed on the Lefkowitz Chart, those claims are dismissed. Defendant's motion with respect to Plaintiff's direct copyright infringement claim is otherwise denied.  Defendant's motion with respect to Plaintiff's contributory copyright infringement and breach of contract claims is granted, and those claims are dismissed without prejudice.

The Clerk of Court is directed to terminate Docket Entry No. 26.

Plaintiff is granted leave to file a second amended complaint consistent with this Opinion to cure the pleading deficiencies for Plaintiff's contributory copyright infringement claim.  Plaintiff shall file his second amended complaint within four weeks from the date of this Opinion, and Plaintiff's failure to do so will result in the entry of dismissal of that claim.  The Court will schedule the next pretrial conference in due course.

SO ORDERED.

Dated:  June 2, 2014
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

42